## IN THE UNITERD STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

Jerry Wayne Seabolt,

      Plaintiffs,

      -V-

Civil Action No. 2:14-CV-28018

C.R. Saltsgaver, Deputy for Jackson
County Sheriff Department;
G.D. Baldwin, Deputy for Jackson
County Sheriff Department;
T. Boggs, Sheriff of the Jackson
County Sheriff Department;
Jackson County Sheriff Department;

      Defendants,



FILED
NOV 1 3 2014
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

## CIVIL COMPLAINT

### I. JURISDICTION & VENUE

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3). Plaintiff Seabolt seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff Seabolt's claims for injunctive relief are authorized by 28 U.S.C. Section 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure.
2. The Southern District of West Virginia is an appropriate venue under 28 U.S.C. section 1391 (b)(2) because it is where the event giving rise to this claim occurred.

### II. PLAINTIFFS

1. Plaintiff Jerry Seabolt, was an victim at the time of the mentioned illegal arrest and is a inmate in the West Virginia Department of Corrections at the current time.

### III. DEFENDANTS

1. Defendant T. Boggs is the Sheriff of the Jackson County Sheriff Department. He is legally responsible for the operation of the Jackson County Sheriff Department.
2. Defendant C.R. Saltsgaver is and was a Deputy for the Jackson County Sheriff Department who, at the all times mentioned in this complaint, held rank of a Deputy and was assigned to the Jackson County Sheriff Department.

3. Defendant G. D. Baldwin is and was a Deputy for the Jackson County Sheriff Department who at the times mentioned in this complaint, held rank of Deputy and was assigned to the Jackson County Sheriff Department.

4. Each Defendant is sued individually and in his official capacity. At all times mentioned in this complaint each defendant acted under the color of state law.

### III. FACTS

1. On November 5, 2012 at approximately 22:00 hours Plaintiff claims that a Brandy Wright called the Jackson County 911 Dispatch to report a domestic violence against her boyfriend Casey Saunders.
2. Plaintiff claims that Mr. Saunders and another unknown subject that was picked up earlier on in the night jumped in Plaintiffs car and was trying to steal the plaintiff's car, after the Plaintiff's wife Stephanie Seabolt let Mr. Saunders know that the Jackson County Sheriff's Department had been called.
3. Plaintiff claims that after jumping in the back seat of his car he attempted to stop the unknown Subject and Mr. Saunders from leaving with his car.
4. Plaintiff claims he has to grab the unknown subject to get him to pull the car over after passing the Jackson County Sheriff Department patrol car.
5. Plaintiff claims the Mr. Saunders and the unknown subject got out of the car and took off before the Defendants G.D. Baldwin and C.R. Saltsgaver approached his car.
6. Plaintiff claims he grabbed his keys out of the ignition and exited the car.
7. Plaintiff claims that he was stating to the defendants (who were responding to the 911 call) and advising that the subjects Mr. Saunders and Unknown Subject had taken off running and he was pointing in the direction the subjects ran off in.
8. Plaintiff claims he put his hands up and identified himself as Jerry Seabolt, and Plaintiff claims that the defendant G.D. Baldwin tripped him to the ground and started hitting him in his face, ribs, back, legs while being Taser by defendant C.R. Saltsgaver.
9. Plaintiff claims that he was handcuffed and placed under arrest.
10. Plaintiff claims that after being placed under arrest and in handcuffs defendant(s) G.D. Baldwin and C.R. Saltsgaver continued to beat and Taser the plaintiff. (see exhibit A. Police Report).
11. Plaintiff claims that the defendants placed him in the back seat of the care and continued to beat and Taser him.
12. Plaintiff claims that the defendant(s) G.D Baldwin and C.R. Saltsgaver drove to plaintiff's home to speak with Brandy Wright and claims plaintiffs' wife Mrs. Seabolt was trying to inform the defendants they had the wrong individual and to stop the brutality but was threatened not to take another step with the Taser being shaken at Mrs. Seabolt.  Mrs. Seabolt was trying to explain to the defendants they had the wrong individual and was stating that they had her husband Jerry Seabolt in handcuffs in the back of the car not Casey Saunders who they were looking for due to the 911 Call.  Once defendant(s) had Plaintiff in vehicle under arrest they no longer perused Mr. Casey Saunders who they were called to the seen for.
13. Plaintiff claims that he complained of being in pain and that he needed to go to the hospital to be examined.
14. Plaintiff claims the defendant(s) C.R. Saltsgaver and G.D. Baldwin continued Tasering him while at hospital to be examined by a doctor.
15. Plaintiff claims that the Defendants C.R Saltsgaver and G.D. Baldwin continued to Taser him while he was being treated at the hospital and the medical staff did nothing to stop it.
16. Plaintiff claims he was checked by the medical staff and was released.
17. Plaintiff claims that the defendant(s) C. R. Saltsgaver and G.D. Baldwin continued to beat and Taser him in the parking lot while trying to get Plaintiff in the back seat of the police cruiser.
18. Plaintiff claims that he told the defendant(s) that he could not set up due to being in pain.
19. Plaintiff claims that the defendants continued to Taser him until he sat up in the back seat.

20. Plaintiff claims that he was Taser approximately 27 total times all together.
21. Plaintiff claims that he has pictures of his injures that were taken by his wife, and the regional Jail of injuries.
22. Plaintiff claims that the defendant(s) C.R. Saltsgaver and G.D. Baldwin transported him to South Central Regional Jail.
23. Plaintiff claims that the booking officer at South Central Regional Jail informed the defendant(s) that they could not receive the Plaintiff due to his injuries.
24. Plaintiff claims that the defendant(s) C.R. Saltsgaver and G.D. Baldwin provided a doctors release order from the hospital giving the defendants C.R. Saltsgaver and G.D. Baldwin clearance to transport the Plaintiff to the Regional Jail Authorities.
25. Plaintiff claims that all charges were dropped against Plaintiff.
26. Plaintiff claims that the defendant(s) C.R. Saltsgaver and G.D. Baldwin used lethal force and is a victim of police brutality.
27. Plaintiff claims that he was illegally arrested and detained.
28. Plaintiff claims that the Mr. Casey Saunders was later arrested convicted and is doing time in the DOC.
29. Plaintiff claims that he has suffered from posttraumatic stress due to the police brutality caused by the defendant(s) C.R. Saltsgaver and G.D. Baldwin.
30. Plaintiff claims that he has suffered from Anxiety and depression due to the pain that was caused by the defendant(s) C.R. Saltsgaver and G.D. Baldwin.

## V. LEGAL CLAIM

1. Defendant G.D. Baldwin used excessive forces against Plaintiff Seabolt by punching him in the face, ribs, kicking him in the back and legs and Tasering him all while detained and handcuffed while plaintiff Mr. Seabolt was not violating any State or Federal Laws. Defendant(s) C.R. Saltsgaver and G.D. Baldwin violated Plaintiff Mr. Seabolt's right under the Eighth Amendment to the United States Constitution, and causing the plaintiff Mr. Seabolt pain, suffering, physical and emotional pain, suffering, and distress.
2. Defendant(s) C.R. Saltsgaver used excessive force against plaintiff Seabolt by punching him the face and ribs, kicking him in the back and legs, and tasering him all while detained and handcuffed while plaintiff Mr. Seabolt was not violating any State or Federal Laws. Defendant(s) C.R. Saltsgaver and G.D. Baldwin violated Plaintiff Mr. Seabolt's right under the Eighth Amendment to the United States Constitution, and causing the plaintiff Mr. Seabolt pain, suffering, physical and emotional pain suffering and distress.
3. By allowing the defendant(s) C.R. Saltsgaver and G.D. Baldwin illegal action, and falling to correct the misconduct and encouraging the continuation of the misconduct defendants T. Boggs Sheriff of Jackson County is also violating the Plaintiff Mr. Seabolt's right under the Eighth Amendment to the United States Constitution, and causing the plaintiff Mr. Seabolt pain, suffering physical and emotional pain, suffering and distress.
4. Defendant G.D. Baldwin and C.R Saltsgaver and the Jackson County Sheriff have caused emotional pain suffering and distress on Plaintiffs wife and children due to this.

## VI PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Mr. Seabolt respectfully prays that this court enters judgment:

1. Granting plaintiff Mr. Seabolt a declaration that he acts and omissions described herein violates his rights under the constitution and laws of the United States, and
2. A Permanent injunction ordering defendants C.R. Saltsgaver and G.D. Baldwin to cease their physical violence and verbal threats towards the plaintiff and plaintiff and plaintiff's family and

3. Granting the plaintiff Mr. Seabolt compensatory damages in the amount of $250,000 against each defendant, jointly and severally, and
4. Plaintiff Mr. Seabolt seeks Compensatory damages in the amount of $25,000 against defendant(s) C.R. Saltsgaver and G.D. Baldwin., and
5. Plaintiff seeks punitive damages in the amount of $100,000 plaintiff Mr. Seabolt seeks these damages against each defendant, jointly and severally, and
6. Plaintiff Mr. Seabolt seeks a jury trial, and
7. Plaintiff Mr. Seabolt seeks recovery of his cost in this suit, and
8. Any additional relief this court deems just, proper, and equitable.

Dated 4 Day of November, 2014

Respectfully submitted,
Jerry Wayne Seabolt
Pruntytown Correctional Center
P.O. Box 159
Grafton, WV 26354

### VERIFICATION

I have read the forgoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Pruntytown Correctional Center in Grafton, WV on 4 Day of November, 2014

Jerry Wayne Seabolt