## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON

JERRY WAYNE SEABOLT,

       Plaintiff,

v.                                       Case No. 2:14-cv-28018

C.R. SALTSGAVER, Deputy Sheriff,
G.D. BALDWIN, Deputy Sheriff,
T. BOGGS, Sheriff, and
JACKSON COUNTY SHERIFF'S DEPARTMENT,

       Defendants.

### PROPOSED FINDINGS AND RECOMMENDATION

This case is assigned to the Honorable Thomas E. Johnston, United States District Judge, and referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

Plaintiff's Complaint was received and docketed in this court on November 13, 2014.[1] (ECF No. 3).  Summonses were served on the Jackson County Sheriff Department, Sheriff A.J. Boggs[2], and Deputies G.D. Baldwin and C.R. Saltsgaver on May 4, 2015. (ECF No. 5).  On May 26, 2015, the Jackson County Sheriff's Department submitted a Motion to Dismiss, arguing that, under West Virginia law, a sheriff's department is not a suable

---

[1] The precise date of filing of the Complaint is the critical fact at issue.
[2] Plaintiff refers to Sheriff Boggs as "Sheriff T. Boggs."  However, his given name is Anthony J. Boggs. (ECF No. 24).

entity.  (ECF No. 17).  The motion further asserts that Plaintiff's claims are barred by the applicable statutes of limitations.  (*Id.*).  Also on May 26, 2015, Defendants Boggs, Baldwin, and Saltsgaver filed identical Motions to Dismiss arguing that Plaintiff's claims are barred by the applicable statutes of limitations.  (ECF Nos. 19, 21, and 23).  Plaintiff responded collectively to the motions on June 25, 2015.  (ECF No. 25).  Defendants filed a Combined Reply on July 2, 2015.  (ECF No. 26).

For the reasons stated herein, It is respectfully **RECOMMENDED** that the Jackson County Sheriff Department's Motion to Dismiss (ECF No. 17) be **GRANTED**.  It is further respectfully **RECOMMENDED** that the Motions to Dismiss filed by Defendants Boggs, Baldwin, and Saltsgaver (ECF Nos. 19, 21, and 23) be **GRANTED in part** with respect to Plaintiff's false arrest claims and **DENIED in part** with respect to Plaintiff's excessive force claims.

## FACTUAL BACKGROUND

Plaintiff's Complaint alleges that, on November 5, 2012, Jackson County 9-1-1 Dispatch was contacted regarding a domestic violence dispute between two individuals, Ms. Brandy Wright and Mr. Casey Saunders, who resided in Plaintiff's neighborhood.  (Compl., ECF No. 3 at ¶¶ 1-2).  Subsequent to the 9-1-1 call, Plaintiff alleges that Mr. Saunders and an unknown assailant attempted to steal Plaintiff's car, causing Plaintiff to jump into the backseat of his car to attempt to stop them, and leading to Plaintiff scuffling with the two men to attempt to force them to stop his vehicle.  (*Id.* at ¶¶ 1-4).  Plaintiff then alleges that the carjackers, with Plaintiff in the backseat, passed by a Sheriff's Department cruiser on its way to respond to the 9-1-1 call.  (*Id.*).  According to Plaintiff, Deputies Saltsgaver and Baldwin ("Deputy Defendants") then pulled over the vehicle.  (*Id.* at ¶ 5).  Before the Deputy Defendants approached the vehicle, however, Plaintiff claims that the

two alleged carjackers ran off unseen.  (*Id.*).

Plaintiff then alleges that he exited his vehicle and tried to explain to the Deputy Defendants that he was not the person they were searching for and that the men they sought had run off.  (*Id.* at ¶¶ 6-8).  The Deputy Defendants allegedly tripped Plaintiff and began beating and tasering him.  (*Id.*).  Plaintiff contends that even after he was handcuffed and placed in the backseat of the police cruiser, he was continually hit and tasered.  (*Id.* at ¶¶ 10-11). After complaining of pain, Plaintiff was taken to a hospital to be examined by medical professionals, where, he alleges, the Deputy Defendants continued to be beat and taser him.  (*Id.* at ¶¶ 13-16).  Plaintiff was then transferred to South Central Regional Jail and, on the way, was allegedly tasered several more times.  (*Id.* at ¶¶ 22-24). Plaintiff claims that he was tasered a total of 27 times.  (*Id.* at ¶ 20).

Construing the Complaint liberally, it appears to allege claims pursuant to 42 U.S.C. § 1983 for excessive force and false arrest.  (*Id.* at 3).  Plaintiff contends that the Deputy Defendant' actions violated his Eighth Amendment[3] rights.  He further alleges a claim of supervisory liability against Sheriff Boggs for allowing the Deputy Defendants to engage in such actions.  (*Id.*).

## STANDARD OF REVIEW

In *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can

---

[3] Plaintiff's claims actually invoke his Fourth Amendment rights because, at the time of the alleged conduct, he was an **arrestee** rather than a convicted prisoner (where Eighth Amendment rights would be implicated) or a pretrial detainee (where Fourteenth Amendment rights would be implicated). *See, e.g., Graham v. Connor*, 490 U.S. 386, 394-95 (1989) ("Where...the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as invoking the protections of the Fourth Amendment..."); *see also Bell v. Wolfish*, 441 U.S. 520, 536-37 (1979) (stating that to differentiate between Eighth and Fourteenth Amendment claims that a person is deemed a pretrial detainee after being detained for a suspected violation and having a bail hearing).

be granted if, viewing the well-pleaded factual allegations in the complaint as true, and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face."  While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

556 U.S. at 678-79. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct."  *Id.* at 678.

The defendants' motions will be reviewed under Rule 12(b)(6) of the Federal Rules of Civil Procedure and the *Twombly/Iqbal* standard.

## ANALYSIS

### A.     The Sheriff's Department Is Not a Proper Defendant

In *Simpkins v. Logan County Sheriff's Dept.,* No. 2:13-CV-16613, 2014 WL 4072066, at *1-2 (S.D. W. Va. Aug. 14, 2014), this Court acknowledged that "[w]hereas West Virginia law authorizes a county commission to sue or be sued, *see* W. Va. Code § 7-1-1, state law does not appear to contain any similar provision for county sheriff's offices" and, thus, a sheriff's department has no status separate from the Sheriff in his official capacity which would permit it to be sued.  S*ee also Terlosky v. Matthews*, 2011 WL 1302238, at *2 (N.D. W. Va. Mar. 31, 2011). Thus, the Jackson County Sheriff's Department is not a proper defendant with regard to the plaintiff's § 1983 claims. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's Complaint fails to state a claim upon which relief can be granted against the Jackson County Sheriff's Department and, thus, such claims should be dismissed.

### B.     Statute of Limitations Arguments

#### 1.     The Prisoner Mailbox Rule

Relying upon the docketing date of November 13, 2014, Defendants' Motions to Dismiss assert that Plaintiff's Complaint is untimely as to all of the claims contained therein.  However, under the "Prisoner Mailbox Rule," certain court papers filed by *pro se* prisoners are deemed to be filed at the moment of delivery to prison officials for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) ("[A] defendant incarcerated in a federal prison and acting without the aid of counsel files his notice of appeal in time, if, within the 10-day period provided by the Rule, he delivers such notice to the prison authorities for forwarding to the clerk of the District Court. In other words, in such a case the jailer is in effect the clerk of the District Court..."); *see also Lewis v.*

*Richmond City Police Dep't*, 947 F.2d 733, 735-36 (4th Cir. 1991) (extending the *Houston* rule to permit a prisoner complaint to be considered timely filed for statute of limitations purposes when given to prison officials). Thus, under Fourth Circuit law, the filing date of Plaintiff's Complaint shall be determined by the date Plaintiff handed the Complaint to prison officials to be mailed to this court.

In attempting to apply the Prisoner Mailbox Rule in the instant case, it is unclear when Plaintiff delivered the Complaint to prison officials for forwarding to the court. Plaintiff alleges that he executed the Complaint and placed it in the mail for filing on November 4, 2014. (ECF No. 25). However, the postmark on the envelope in which Plaintiff's initial filings were enclosed is indecipherable (s*ee* ECF No. 4-1), and the parties have not submitted any other evidence to demonstrate that operative fact.

Defendants' Combined Reply to Plaintiff's Response (ECF No. 26) notes that Plaintiff's Response is untimely under Local Rule 7.1(a)(7) because it was not filed within 14 days of receipt of the motions. Accordingly, Defendants contend that the Response should be stricken from the record. However, in light of Plaintiff's *pro se* status, the undersigned **FINDS** that the motion to strike is not warranted, and the presiding District Judge should consider Plaintiff's Response.

The Combined Reply further asserts that Plaintiff should not be spared the application of the statute of limitations simply because he is incarcerated, but concedes that there is a question of fact as to when the Complaint is deemed to have been filed and that discovery on that issue may be necessary. (ECF No. 26 at 2). The undersigned believes some discussion of the applicable statutes of limitations is appropriate.[4]

---

[4] The undersigned believes that the statutes of limitations for Plaintiff's supervisory liability claim would follow those of the claims against the Deputy Defendants.

2.    <u>Plaintiff's False Arrest Claims are Time-Barred</u>

It is well-established that civil rights cases filed in federal court follow the analogous state law statute of limitations. *See Owens v. Okure*, 488 U.S. 235, 239-40 (1989) ("To fill [the § 1983 statute of limitations] void, for years we urged courts to select the statute of limitations 'most analogous'…and 'most appropriate,'… to the particular § 1983 action" (internal citations omitted)); *see also Blanck v. McKeen*, 707 F.2d 817 (4th Cir. 1983).  Under West Virginia law, tort claims for false arrest have a strict one-year statute of limitations. *Thomas v. Crowder*, 2013 WL 5508375, at *1 (W. Va. Oct. 4, 2013); *see also Canterbury v. Laird*, 221 W. Va. 453, 455-56, 655 S.E.2d 199, 201-02 (2007); W. Va. Code § 55-2-12 (1981). Accordingly, this court should employ a one-year statute of limitations to Plaintiff's false arrest claims.

Although the applicable state statute of limitations supplies the length of the limitations period in a § 1983 action, the time of accrual of the cause of action is a matter of federal law. *Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 955 (4th Cir. 1995) (en banc). For § 1983 claims seeking damages for a false arrest in violation of the Fourth Amendment, the statute of limitations "begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397, 127 S. Ct. 1091, 1100, 166 L. Ed. 2d 973 (2007).

In the instant matter, it is undisputed that Plaintiff was arrested and detained on November 5, 2012. (Compl., ECF No. 3 at ¶¶ 1-2).  Thus, his false arrest claim arose on that date.  At some point between November 4 and November 13, 2014, Plaintiff handed his complaint to prison officials to be mailed to the court.  Regardless of the precise date of filing of the instant Complaint, however, it is clear that the Complaint was filed well after the one-year statute of limitations period applicable to Plaintiff's false arrest claim

had expired on or about November 5, 2013.  Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's false arrest claims are time-barred and should be dismissed with prejudice.

      2.   <u>Plaintiff's Excessive Force Claims Cannot be Dismissed without Additional Discovery</u>

West Virginia has a two-year statute of limitations for claims analogous to personal injury claims, including § 1983 claims alleging use of excessive force in violation of the Fourth Amendment.  *See* W. Va. Code § 55-2-12(b) (1981); *see also Thomas*, 2013 WL 5508375 at \*1 ("The circuit court noted that any claims petitioner had for assault and battery, and excessive force, had a two-year statute of limitations..."); *McCausland v. Mason County Bd. Of Educ.*, 649 F.2d 278 (4th Cir. 1981); *Rodgers v. Corporation of Harpers Ferry*, 371 S.E.2d 358 (W. Va. 1988).  Thus, Plaintiff's excessive force claims are subject to a two-year statute of limitations.

Given that his cause of action accrued on November 5, 2012, the two-year statute of limitations on the excessive force claims expired on November 5, 2014.  However, using the Prisoner Mailbox Rule, this court cannot currently determine when the Plaintiff's Complaint was "filed" and thus, cannot presently render a ruling concerning the application of the two-year statute of limitations to Plaintiff's excessive force claims.

However, with minimal discovery, the date on which Plaintiff actually delivered the Complaint to prison officials for mailing should be readily ascertainable.  In *Houston*, the Supreme Court stated: "[b]ecause reference to prison mail logs will generally be a straightforward inquiry, making filing turn on the date the *pro se* prisoner delivers the notice to prison authorities for mailing is a bright-line rule, not an uncertain one."  *Houston*, 487 U.S. at 275.  Likewise, in the instant case, the date of filing of the instant

Complaint should be a "straightforward inquiry" of checking the prison logs.

Because the current record does not permit the Court to find make a finding concerning the running of the statute of limitations on Plaintiff's excessive force claims, the undersigned proposes that the presiding District Judge **FIND** that Defendants have not presently demonstrated that Plaintiff's excessive force claims are time-barred. Therefore, it is respectfully **RECOMMENDED** that Defendants' Motions to Dismiss be **DENIED**, without prejudice, with regard to those claims.

3. Effect of Plaintiff's Notice of Intent to File Suit

On October 8, 2014, Plaintiff mailed a Notice of Intent to File Suit to the West Virginia Attorney General, Sheriff Boggs and the West Virginia Secretary of State. (ECF No. 3-2). Plaintiff also attached the Notice of Suit to his Response to the Motions to Dismiss. (ECF No. 25-1). While not making a specific argument to this effect, the Response appears to suggest that, because he mailed his Notice of Intent to File Suit on October 8, 2014, the statute of limitations should be tolled pursuant to W. Va. Code § 55-7-3. *See* W. Va. Code § 55-7-3(a)(2) ("If the written notice is provided to the chief officer of the government agency [to be sued]...any applicable statute of limitations is tolled for thirty days from the date the notice is provided and, if received by the government agency as evidenced by the return receipt of the certified mail, for thirty days from the date of the returned receipt.").

However, in *Felder v. Casey*, 487 U.S. 131, 153 (1988), the Supreme Court rejected an argument that non-compliance with notice-of-claim statutes could prevent a litigant from bringing forth a § 1983 claim, stating: "A state law that conditions [the] right of recovery upon compliance with a rule designed to minimize governmental liability, and that directs injured persons to seek redress in the first instance from the very targets of

9

the federal legislation, is inconsistent in both purpose and effect with the remedial objectives of the federal civil rights law.  Thus, the Court made clear that "Notice of Claim" statutes do not apply to claims raised under 42 U.S.C. § 1983.  *Id.*  Accordingly, Plaintiff's service of a Notice of Intent to File Suit has no effect on the running of the statute of limitations concerning his § 1983 claims.

Furthermore, because Plaintiff is suing county officials, who are considered to be employees of a political subdivision, and not a State agency, West Virginia Code § 55-7-3 is wholly inapplicable to this case.  Therefore, the undersigned proposes that the presiding District Judge **FIND** that any argument by the Plaintiff on this basis is meritless.

## RECOMMENDATION

Based upon the proposed findings contained herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the Jackson County Sheriff's Department's Motion to Dismiss (ECF No. 17).  It is further respectfully **RECOMMENDED** that the Motions to Dismiss filed by Defendants Boggs, Baldwin and Saltsgaver (ECF Nos. 19, 21, and 23) be **GRANTED**, with respect to Plaintiff's false arrest claims, and **DENIED, without prejudice,** with respect to Plaintiff's excessive force claims.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed

Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to the opposing parties and Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Plaintiff and to transmit a copy to counsel of record.

January 4, 2016

Dwane L. Tinsley
United States Magistrate Judge

11